### JAFFE v. STATE BANK.

(Supreme Court, Appellate Term. May 15, 1908.)

BANKS AND BANKING—DEALINGS—ACTIONS BY DEPOSITORS.

In a suit against a bank, the issue of fact being whether defendant honored plaintiff's check upon the forged indorsement of the party to whom the payee of the check indorsed it, where the facts tended to discredit the indorsee's testimony as to his nonindorsement of the check, or at least to show that he was a mere dummy for the alleged forger, who was the real party in interest, it was competent to permit defendant to develop all the circumstances connected with the relations between such forger and the indorsee and the transaction involved in the check.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by David Jaffe against the State Bank. From a judgment for defendant, plaintiff appeals. Modified, and, as modified, affirmed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

M. & B. Jaffe, for appellant.

Feltenstein & Rosenstein (Moses Feltenstein, of counsel), for respondent.

PER CURIAM. The issue of fact in this case was whether or not the defendant bank honored plaintiff's check upon the forged indorsement of the party to whom the payee of the check indorsed it. There is no question about the genuineness of the payee's indorsement, and this case must therefore be differentiated from that class of cases where a bank is held liable for the forgery of the payee's name. It is not necessary in the disposition of this appeal to determine whether, in a case presenting the extraordinary features disclosed by the testimony, it was not incumbent upon the plaintiff to prove damages sustained by him as a prerequisite to a recovery, inasmuch as the evidence warranted the trial court in finding as a fact that the indorsee's signature was not a forged one. The inherent improbabilities of the indorsee's ownership of the mortgage in part payment of which the check in suit was given, the peculiar relations between the indorsee and Abraham Levy, who is supposed to have made the forged indorse-

ment, the most extraordinary circumstance that a firm of lawyers should have seriously permitted the agreement extending the time of the payment of the mortgage in question to be executed in behalf of the alleged mortgagee by the original mortgagor, as the attorney in fact of the mortgagee, without evidence of his power of attorney, the many payments of principal and interest over a number of years to the attorneys on account of the mortgage debt, and the failure on the part of the indorsee, who was the reputed mortgagee, during all these years to demand interest or principal, all tend to discredit the testimony of the said mortgagee as to the fact of his nonindorsement of the check, or at least to furnish almost conclusive evidence of the fact that this indorsee was a mere dummy for Levy, who was the real party in interest.

In a case of this nature, it was competent to permit defendant to develop all the circumstances connected with the indorsee's relations with Levy and the transaction involved in the check. It was error, however, to give judgment upon the merits. The complaint should have been dismissed, without prejudice to the bringing of another action.

The judgment will be modified, as indicated, and, as so modified, affirmed, without costs in this court.